IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID JOHN RAYMER, ) | |
| ) | No. 16 C 9208 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| NANCY A. BERRYHILL,[1] Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff David John Raymer appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

## Background

Plaintiff filed an application for benefits on January 29, 2014, alleging a disability onset date of March 4, 2013. (R. 79.) His application was denied initially on May 20, 2014, and again on reconsideration on January 30, 2015. (R. 79, 88.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 18, 2016. (R. 21-71.) On June 6, 2016, the ALJ issued a decision denying plaintiff's application. (R. 92-103.) The Appeals Council denied review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

---

[1] On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited May 17, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether he is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 4, 2013, the alleged onset date of his disability. (R. 94.) At step two, the ALJ found that plaintiff had the severe impairments of "hypertension, diabetes mellitus with peripheral neuropathy, and obesity." (*Id.*) At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.*) At step four, the ALJ found that plaintiff had the residual functional capacity ("RFC"):

> [T]to perform light work . . . in that [he] would be able to lift and carry 20 pounds frequently and occasionally. However, he would be limited to sitting for a total of four hours and standing a total of four hours in an eight-hour workday. He would require a job that would allow him to alternate between sitting and standing every thirty minutes. He would be limited to fingering bilaterally, and he should avoid exposure to extreme cold.

(R. 95.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 102-03.)

Plaintiff asserts that the ALJ did not appropriately weigh the opinion of plaintiff's treating physician, Dr. Christou, who opined that plaintiff can only sit or stand for thirty minutes, can only walk for one block, and handles objects poorly because of pain. (R. 270.) An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require [her] to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion," in assessing the opinion. *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. § 404.1527(c).

The ALJ only "accord[ed] some weight" to Dr. Christou's opinion because: (1) his treatment notes are "sparse" and "contain[] . . . very few objective clinical findings"; (2) he saw plaintiff "only a few times per year"; and (3) it was contradicted by evidence that plaintiff had worked as a bouncer from August 2015 through February 2016[2] and had "normal ability to perform fine dexterous movements." (R. 101.) Though the ALJ did not explicitly weigh each of the regulatory factors in assessing Dr. Christou's opinion, "she did note the lack of medical evidence supporting [it] . . . and its inconsistency with the rest of the record," which "is enough." *Henke v. Astrue*, 498 F. App'x 636, 640 n.3 (7th Cir. 2012). Thus, the Court finds no error in the ALJ's assessment of Dr. Christou's opinion.

Alternatively, plaintiff argues that "objective evidence such [as] blood pressure readings and blood work" are sufficient to establish that he is disabled. However, hypertension "generally causes disability through its effects on other body systems," and thus the Listings instruct ALJs to evaluate hypertension "by reference to the specific body system(s) affected (heart, brain, kidneys, or eyes)." *See* Social Security Listing 4.00 H, *available at*, https://www.ssa.gov/disability/professionals/bluebook/4.00-Cardiovascular-Adult.htm (last visited May 17, 2017). As the ALJ noted, the record "does not show [that plaintiff has a] cardiac abnormality, brain abnormality, kidney abnormality, or ocular abnormality." (R. 95.) Therefore, she correctly concluded that plaintiff did not have Listing-level hypertension.

The ALJ's conclusion that there is no evidence of Listing-level neuropathy is equally sound. Plaintiff would meet that Listing only if the record showed that he has: (1) "[d]isorganization of motor function in two extremities . . . resulting in an extreme limitation . . . in the ability to stand up from a seated position, balance while standing or walking, or use the

---

[2] The ALJ apparently believed this work did not rise to the level of substantial gainful activity. *See* 20 C.F.R. § 404.1572 (defining "substantial gainful activity" as "work activity that involves doing significant physical or mental activities . . . . for pay or profit").

upper extremities"; or (2) "[m]arked limitation . . . in physical functioning" and in "understanding, remembering, or applying information," "[i]nteracting with others," "[c]oncentrating, persisting, or maintaining pace," or [a]dapting or managing oneself." *See* Social Security Listing 11.14, *available at* https://www.ssa.gov/disability/professionals/bluebook/11.00-Neurological-Adult.htm#11_14 (last visited May 17, 2017). Though plaintiff repeatedly complained to Dr. Christou about hand or leg pain, Dr. Christou consistently noted that plaintiff was "[a]ble to move [his] extremities appropriately." (*See* R. 303, 305, 308-09, 312, 316.) Moreover, the consulting examiner said that plaintiff has "normal fine dexterity in both hands," walks without an assistive device, and has only "moderate difficulty" with special maneuvers like walking on his toes because of his neuropathy. (R. 275-76.) In short, the ALJ's conclusion that plaintiff does not have a Listing-level impairment is supported by the record.

## Conclusion

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment [10], grants the Commissioner's motion for summary judgment [17], and affirms the Commissioner's decision. Judgment is entered in defendant's favor and against plaintiff, and this case is terminated.

**SO ORDERED.**                                **ENTERED:   May 17, 2017**

_M. David Weisman_
**M. David Weisman**
**United States Magistrate Judge**